UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

SUE ANN EASTERLING                              CIVIL ACTION NO. 14-0473

VERSUS                                          JUDGE ROBERT G. JAMES

TENSAS PARISH SCHOOL BOARD                      MAG. JUDGE KAREN L. HAYES

<u>RULING</u>

Plaintiff Sue Ann Easterling ("Easterling") brings this suit against the School Board of Tensas Parish ("Tensas") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and Louisiana state law. Pending before the Court is Tensas' Motion for Summary Judgment. [Doc. No. 25]. For the following reasons, the motion is GRANTED.

I.    FACTS

This case concerns Easterling's attempts to procure employment in teaching and coaching positions with the Tensas Parish School Board for the 2011-12 and 2012-13 school years.

Easterling, a woman, has coached high-school-aged children in gymnastics, softball, basketball, volleyball, and track and field for over a decade, although she has no experience coaching school-sponsored athletic teams and no experience coaching football at any level.[1] Easterling received a Bachelor of Science in Health and Physical Education from the University of Southern Mississippi, graduating with highest honors. In 2013, she received an M.S. in Secondary Education

_____

[1]During her deposition, she was unable to define common football terms such as "jet sweep," "nickel package," "slip screen," or "post pattern." At one point, she was asked as to the basic knowledge she would need as a football coach. She replied, "I said I do not know anything about football, yet, but I would be trained in it like everyone else." [Doc. No. 42-1, Easterling Depo, p. 247-249].

with a concentration in Athletic Administration and Coaching. She has completed 150 training courses on matters ranging from sports injury to motivation tactics. She is also state-certified to teach physical education. Despite these credentials, Easterling has unsuccessfully sought teaching and coaching positions with Tensas since 2006.

In 2010, shortly before the football season began, Tensas' head football coach resigned with little or no notice. The principal recommended that Rex McCarthy ("McCarthy") be appointed interim head football coach. McCarthy was already employed with Tensas in a different capacity, and the outgoing head coach recommended him for the job. McCarthy was offered and accepted the interim head coaching position. He was not hired as the permanent head coach immediately following the season, however. Rather, Superintendent Carol Johnson ("Johnson") sought to hire Brad Bradshaw ("Bradshaw"), a successful football coach in a neighboring parish.

Tensas also advertised the position. The advertisement sought applica for a head football coach/athletic director/teacher during the 2011-12 school year. Easterling applied, but was not interviewed. Bradshaw had initially applied for the position, but withdrew his application from consideration. Tensas hired McCarthy in an effort to promote continuity and save money. [Doc. No. 42-2, Johnson Depo, p. 45; Doc No. 37-6, EEOC response]. McCarthy was not a certified teacher, but since he was hired at the last minute, Johnson decided to hire McCarthy as head coach and athletic director. In addition to his coach and athletic director duties, McCarthy also served as an ACT and graduation coach.

McCarthy resigned during the 2012-13 school year. Easterling did not reapply for the position, but she asked that her application remain active. However, at the time of the 2012-13 vacancy, Tensas sought an applicant who could serve as a head coach, athletic director, and math

teacher. Tensas hired Noah Johnson ("Johnson"), a certified math teacher who had previously coached football within Tensas Parish, thereby meeting the requirements of the position.

Tensas also had a vacancy for an "adapted physical education" instructor for the 2012-13 school year. Again, however, Tensas did not interview Easterling despite a previous assurance from Johnson that she would be interviewed for the next available certified teacher position.

After Tensas passed Easterling over for this position, she filed a charge of discrimination and retaliation with the EEOC based on alleged violations of Title VII. Tensas told the EEOC that it did not hire Easterling for the open positions because it would cost more to bring her on as a new employee than to promote from within. The EEOC found no evidence of discrimination or retaliation.

On February 28, 2014, Easterling filed suit in this Court, claiming that Tensas discriminated against her because of her gender and retaliated against her for engaging in protected activity. [Doc. No. 1]. She filed an Amended Complaint [Doc. No. 18] on January 16, 2015. On May 11, 2015, Tensas filed a Motion for Summary Judgment [Doc. No. 25]. After five extensions of time, Easterling filed a memorandum in opposition [Doc. No. 37]. Tensas filed a reply. [Doc. No. 42].[2] On March 8, 2016, after dismissing her attorney, Easterling filed a letter motion asking the Court to stay consideration of the pending Motion for Summary Judgment until Easterling could file documents in support of her memorandum in opposition which her attorney failed to submit. Magistrate Judge Hayes granted the motion and directed Easterling to provide the documents mentioned in her letter as well as a written explanation of what portions of the documents support

_____

[2]An attorney represented Easterling for most of this litigation. Recently, she has been proceeding *pro se.*

her position. On April 8, 2016, Easterling filed the documents. [Doc. No. 48]. She also filed a written list of reasons explaining how the documents support her position. Accordingly, this matter is ripe, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.  However, "a party cannot defeat summary judgment with conclusory

allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

"Only disputes over facts that might affect the outcome of the suit under governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.*

### B.    Failure to Hire Under Title VII

Under Title VII, discrimination can be shown through direct or circumstantial evidence. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003).  Easterling attempts to prove discrimination through circumstantial evidence. Accordingly, she relies on the burden-shifting framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04 (1973). Under that framework, the plaintiff must first create a presumption of discrimination by making out a *prima facie* case. *Lopez v. Kempthorne*, 684 F.Supp.2d 827, 854 (S.D. Tex. 2010). The burden then shifts to the defendant to produce evidence that "the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (citations omitted). If the defendant meets her burden, the presumption of discrimination dissipates. *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 219 (5th Cir. 2001) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)). The burden then shifts back to the plaintiff to introduce evidence sufficient for the finder of fact to determine the defendant discriminated against her because of her protected status. *Id.* (citing *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12 (1993)).

To meet that burden, the plaintiff must put forth evidence indicating the proffered nondiscriminatory reason is a pretext for discrimination. *See Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Generally, a plaintiff may establish pretext either through evidence of disparate treatment or by a showing, coupled with a satisfactory *prima facie* case, that the employer's proffered reason is false or unworthy of credence. *Reeves*, 530 U.S. at 148. A proffered reason is false when it is not the real reason for the adverse employment action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reason." *Morgan v. Hilti, Inc*., 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951-52 (3rd Cir. 1996)) (further citations omitted). Decisions that are unwise or incorrect will not demonstrate pretext. *See Cramer v. NEC Corp. of America*, 10-1428, 2012 WL 369538 at *7 (N.D. Tex. Feb. 3, 2012); *see also LeMaire v. La.*, 480 F.3d 383, 391 (5th Cir. 2007) ("Our anti-discrimination laws do not require an employer to make proper decisions, only nondiscriminatory ones."). Likewise, if the employer's reasons are merely cumulative rather than inconsistent, they will not demonstrate pretext. *See, e.g.*, *Moore v. Jefferson Cnty Dept. of Human Res.*, 277 Fed. App'x. 857, 859 (11th Cir. 2008) (citations omitted); *Faircloth v. Herkel Investments, Inc*., 514 Fed. App'x 848, 851 (11th Cir. 2013) (holding no evidence of pretext where employer simply offered additional reasons for its decision without disclaiming previous reasons it provided). Finally, when an employer proffers multiple nondiscriminatory reasons for the employment decision, to overcome summary judgment,

6

the plaintiff must raise a genuine issue of material fact with respect to the veracity of each reason. *See Alzuraqi v. Group 1 Automotive, Inc.*, 921 F.Supp.2d 648, 665 (N.D. Tex. 2013) (citing *Laxton*, 333 F.3d at 578).

Easterling also urges this Court to undertake a mixed-motive analysis of her claims. Under the mixed-motive theory, once a plaintiff satisfies her *prima facie* case, and the defendant offers nondiscriminatory reasons for the decision, the plaintiff can defeat summary judgment by showing *either* "(1) that the defendant's reason is not true, but is instead a pretext for discrimination; or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (quoting *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp.2d 854, 865 (M.D.N.C. 2003)).

Easterling challenges Tensas' refusal to consider her for: (1) the 2011-12 head football coach/athletic director position; (2) the 2012-13 head football coach/athletic director/math teacher position; and (3) the 2012-13 adapted physical education teacher position.

### a.      *Head Football Coach/Athletic Director 2011-12*

Easterling must first establish a *prima facie* case of discrimination. In the failure to hire context, Easterling must prove 1) she is a member of a protected group; (2) she applied for a position; (3) she was qualified for that position when she applied; (4) she was not selected for that position; and (5) after she was not hired, the position either remained open or the employer hired a male to fill the position. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994).

While the other elements of the *prima facie* case are self explanatory and satisfied in this case, the qualifications prong of the analysis merits careful review.  In the Title VII context, being

7

qualified refers to the criteria the employer has set for the position. *See Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 28 (2d Cir. 1997). "Employers may succeed on summary judgment by establishing that the plaintiff is not qualified for the covered position. An employer may establish job requirements, and rely on them in arguing that a *prima facie* case is not established because the employee is not 'qualified.' However only objective requirements may be used in making this argument." *Johnson v. La.*, 351 F.3d 616, 622 (5th Cir. 2003) (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001)).

Here, Tensas argues that Easterling cannot make out a *prima facie* case of discrimination because she was not qualified for the position of head football coach/athletic director in 2011-12. In particular, Tensas reminds the Court that Easterling has no football coaching experience.

In response, Easterling trumpets her experience coaching high-school-aged children in other sports, as well as her certification to teach physical education. She also notes that the job advertisement for the 2011-12 position failed to list the requisite qualifications.

The Court agrees with Easterling that Tensas failed to list objective criteria in the advertisement for the 2011-12 position. Indeed, the job advertisement only called for applicants for a head football coach/athletic director/teacher job; it mentioned nothing of what expertise, education, and skills were necessary (although it did encourage the applicant to call the School Board for more information). Tensas may have desired more experienced, knowledgeable applicants, but the record fails to demonstrate these were objective criterion which an applicant had to meet to be considered.

Since Easterling has established a *prima facie* case of discrimination with respect to the 2011-12 head football coach/athletic director position, the burden shifts to Tensas to produce a legitimate, non-discriminatory reason for the adverse employment action.

8

Tensas offers multiple reasons for the decision. First, in a letter to the EEOC in 2014, and in its Motion for Summary Judgment, Tensas claims that it did not hire Easterling in order to save money. Second, in her deposition, Johnson stated that Easterling was not hired initially, because Johnson "had someone else in mind." Third, Johnson also noted that McCarthy was hired to promote continuity within the program because he already knew the players and had their respect. These reasons are sufficient for Tensas to meet its burden of production.

The burden shifts back to Easterling to prove that Tensas' reasons are pretext for discrimination, or, even if true, were only part of the motivation and Easterling's gender was also a motivating factor. To meet her burden, Easterling insists that the proffered reasons are inconsistent and untrue. Specifically, she asserts that Tensas's proffered reason of saving money is unworthy of credence because it planned to hire Bradshaw, a non-employee, before he withdrew from consideration. Further, Johnson offered reasons for the decision during her deposition that were not the same as the reason given to the EEOC, thus providing evidence that Tensas is disingenuous. Of note, Easterling points to a portion of Johnson's deposition testimony for the proposition that Easterling was not hired because Johnson assumed that, as a woman, Easterling had no football experience. Easterling insists this reason conflicts with other reasons proffered and demonstrates that Easterling's gender was a motivating factor in the decision.

Under either the traditional *McDonnell-Douglas* analysis or the mixed-motive analysis, Easterling fails to raise a genuine issue of material fact for trial.[3] First, Tensas' reasons are

---

[3]The Court has also reviewed Easterling's supplemental submission in full. While Easterling raises legitimate questions concerning Tensas' compliance with the state teacher certification laws (a theory of recovery that fails for reasons discussed later in the Ruling), she fails to show that each of Tensas' reasons for not hiring her are pretextual.

consistent; they changed over time to adapt to changing circumstances. Initially, at the time Easterling first applied for the position, Tensas was considering Bradshaw for the job. Thus, Johnson's statement that she had someone else in mind at the time Easterling initially applied was accurate. Although hiring Bradshaw would have cost Tensas more money, this was apparently a sacrifice Tensas was willing to make considering Bradshaw's record as a high school football coach. However, when Bradshaw withdrew his application, Tensas decided to hire McCarthy to preserve continuity and save money. That Tensas was willing to spend more money to hire Bradshaw does not conflict with the decision to hire from within and promote continuity once he withdrew his application–circumstances had changed.[4]

Second, Johnson never claimed that Easterling was passed over because, as a woman, it was assumed she had no coaching experience. Easterling blatantly misrepresents the record on this issue. *After* explaining why she hired McCarthy, Johnson was asked whether she knew Easterling lacked football experience:

> Q.   Okay. In 2011 did you know that Ms. Easterling had no experience coaching high-school football?
>
> A.   Well, in 2011 there were no women high-school coaches–yes, I did–anywhere in Louisiana.

---

[4]In her supplemental submission of disputed facts, Easterling questions how Tensas would save money by hiring McCarthy instead of her because she would seemingly replace him at no net cost increase to Tensas. In effect, she contends she would assume his salary.  First, this argument is based on Easterling's unsupported speculation; she introduces no evidence as to how Tensas determines salaries. Second, even assuming this proffered reason is unworthy of credence, Easterling must introduce an issue of fact with respect to *each* of Tensas' proffered reasons. *See Wallace,* 271 F.3d at 220. (citing *Rubinstein*, 218 F.3d at 400-01; *Rutherford v. Harris Cnty, Tex.*, 197 F.3d 173, 184 (5th Cir. 1999)); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1007 (7th Cir. 2001) (a plaintiff "must present facts to rebut each and every legitimate non-discriminatory reason advanced by [her employer] in order to survive summary judgment."). She fails in that endeavor.

[Doc. No. 42-2, Johnson Depo, p. 45].

Easterling claims this deposition testimony allows her to succeed under a mixed-motive theory of discrimination. Based on the testimony, Easterling speculates that her gender was the "main criteria" Johnson used to decide not to interview her. There is no evidence for that contention. Assuming Easterling's gender was relevant in the decision-making process at all, its relevance stemmed from an objective statistic, not a gender stereotype or any kind of discriminatory animus. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989) (explaining that motiving factor under Title VII means that employer made the employment decision in part because of the applicant's gender and noting that employer who makes decision in part because of sex stereotype has made decision partially based on sex). At most, Johnson resorted to her objective knowledge of the Louisiana high school coaching demographics to determine that Easterling lacked experience coaching football. Accordingly, the deposition testimony does not show a genuine issue of material fact under either a traditional or mixed-motive analysis.

Finally, the Court notes that the decision maker (Johnson) and Easterling are both members of the same protected class which further supports the conclusion that discriminatory animus did not taint Tensas' hiring decisions. *See, e.g., Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 1002 (5th Cir. 1996) (["W]hen decision makers are all of the same protected class as the discharged employee, it is similarly less likely that the unlawful discrimination was the reason for the discharge."); *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991) (noting that plaintiffs alleging disparate treatment in violation of ADEA face uphill climb when decision maker is also a member of plaintiff's protected class); *Demesme v. Montgomery Cnty. Gov't*, 63 F.Supp.2d 678, 683 (D. Md. 1999) ("The fact that the decision makers were of the same protected class [as the plaintiff] suggests

11

no discriminatory motivation."), *aff'd* per curiam, 208 F.3d 208 (4th Cir. 2000); *Coggins v. Gov't of D.C.*, 173 F.3d 424, 1999 WL 94655 at *4 (4th Cir. 1999) ("The fact that both Krull and Gibbons, first and third in [plaintiff's] chain of command, are both Caucasian makes any anti-Caucasian bias unlikely.").

Because Easterling fails to raise a genuine issue of material fact with respect to each of Tensas' proffered reasons for not hiring her, Tensas' Motion for Summary Judgment on the failure to hire claim with respect to the 2011-12 position is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

> ### b.    *2012-13 Head Football Coach/Athletic Director/Math Teacher Position*

Tensas next moves for summary judgment on Easterling's failure to hire claim with respect to the 2012-13 head football coach/athletic director/math teacher position. The Court finds that Easterling cannot establish a *prima facie* case on this claim because the position called for a certified math teacher. Easterling was not certified to teach math and was, therefore, unqualified for the position. Tensas' Motion for Summary Judgment on the failure to hire claim with respect to the 2012-13 head football coach/athletic director/math teacher position is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

> ### c.    *2012-13 Adapted Physical Education Position*

In her memorandum in opposition to Tensas' Motion for Summary Judgment, Easterling asserts a failure to hire claim based on the 2012-13 physical education position. This is the first time Easterling has raised this claim.

When a claim is raised for the first time in response to a summary judgment motion, "the district court should construe that claim as a motion to amend the complaint under Federal Rule of

Civil Procedure 15(a)." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972).  Federal Rule of Civil Procedure 15(a) states in pertinent part: "[A]ny party may amend its pleading only with the opposing party's consent or the court's leave." "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

In this case, amendment would be futile because Easterling cannot meet her *prima facie* burden. Specifically, she introduces no evidence to show that Tensas ever filled the position with a male or otherwise. Accordingly, Easterling's Motion to Amend her Complaint to add a failure to hire claim with respect to the 2013-13 adapted physical education position is DENIED.

### C.    Retaliation

Next, Tensas moves for summary judgment on Easterling's retaliation claim. Easterling asserts that Tensas retaliated against her for filing a Title VII suit against Concordia Parish in 2003. According to Easterling, during that litigation, her attorneys sent multiple requests, including subpoenas, to Tensas Parish. Johnson admits that during that time frame she may have been in charge of determining how to respond to the requests. Thus, according to Easterling, Tensas did not hire her because it thought she was litigious.

Easterling has no direct evidence of retaliation, so she must again proceed under the burden-shifting framework. *Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1225 (10th Cir. 2008). First, she must establish a *prima facie* case. In this context the prima facie case requires her to show: (1) she

engaged in a protected activity under Title VII; (2) an adverse employment action was subsequently taken against her; and (3) there was a causal connection between the protected activity and the adverse employment action or harassment. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

"An employee has engaged in activity protected by Titlte VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Cannon v. Smith*, 09-02164, 2010 WL 3522103 at *4 (W.D. La. Aug. 10, 2010) (citations omitted).

Should the plaintiff establish a *prima facie* case, a presumption of unlawful retaliation arises and the burden of production shifts to the defendant to rebut the presumption by articulating some legitimate, nondiscriminatory reason for its action. *See McMillan v. Rust College*, 710 F.2d 1112, 1116 (5th Cir. 1983).  If Tensas offers a sufficient, nondiscriminatory reason for its action, the burden again shifts back to Easterling to demonstrate by a preponderance of the evidence that the proffered reason was pretext for discrimination.

In this case, Tensas maintains that the causal connection between Easterling's prior lawsuit and its decision not to hire her is too tenuous to establish a *prima facie* case of retaliation. The Court agrees.

"The causal link required by the [fourth] prong of the *prima facie* case does not rise to the level of a 'but for standard.' The plaintiff 'need not prove that her protected activity was the sole factor motiving the employer's challenged decision in order to establish the 'causal link' element of the *prima facie* case.'" *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002) (quoting *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002); *Long*, 88 F.3d at 305 n.4.  However, a

14

significant passage of time between the protected activity and adverse action hampers a plaintiff's ability to prove causation. *See Miller–Goodwin v. City of Panama Beach*, 385 Fed.App'x. 966, 974 (11th Cir. 2010).

Easterling filed suit against Concordia Parish in 2003. She last sent a subpoena to Tensas in relation to that suit in October 2007. There was a nearly four-year period from the time Easterling claims Johnson considered the subpoenas to the time McCarthy was hired as a head coach. This lapse in time stymies Easterling's *prima facie* case because she cannot show a causal link between the protected activity and the adverse action. *See Cannon*, 09-02164, 2010 WL 3522103 at *4 (finding two and a half year period between protected activity and retaliation too long, as a matter of law, to establish a causal connection).[5] Thus, Tensas' Motion for Summary Judgement on Easterling's retaliation claim is GRANTED, and that claim is dismissed with prejudice.

### D.    State Law Claim

Last, Tensas moves for summary judgment on Easterling's state law claim. In her Amended Complaint, Easterling asserted a claim based on alleged violations of LA. REV. STAT. § 17:81(A), 17:6(6)(c)(I), 17:413. That statute governs teacher certifications in Louisiana. According to Easterling, Tensas violated state certification practices by hiring teachers who are uncertified without

---

[5]It is unclear exactly when in 2010 Easterling settled her lawsuit with Concordia Parish, or if Tensas knew of that settlement. Even if Easterling engaged in protected activity as late as December 2010, the passage of approximately four months between the protected activity and the adverse action precludes her from establishing a *prima facie* case. *See Miller–Goodwin*, 385 Fed.App'x at 974. (compiling cases demonstrating that a gap of three and a half or three months between the protected activity and the adverse employment decision stifles any causal connection). In her supplemental submission, Easterling attempts to show that Tensas knew about her previous lawsuit. However, whether Tensas knew about the lawsuit, while relevant, is not determinative: the time lapse between Easterling's protected activity and Tensas' adverse employment action thwarts any retaliation claim as a matter of law.

15

submitting an explanatory affidavit to the state superintendent of education. In response, Tensas argues the claim has prescribed. Tensas also notes that Easterling fails to discuss this claim in her memorandum in opposition. In effect, Tensas argues that Easterling concedes this claim's futility.

The Court agrees with Tensas. Under Louisiana Civil Code Article 3492, delictual actions have a prescriptive period of one year. When a statute specifies a generally applicable duty, an action based on the statute's breach is delictual in nature and subject to a one-year prescriptive period. *See Carriere v. Jackson Hewitt Tax Service Inc.*, 750 F.Supp.2d 694, 704 (E.D. La. 2010) (holding that a claim based on a statute which mandates that loan brokers obtain a license and make certain disclosures prescribes after one year).  Filing an EEOC charge does not interrupt the prescriptive period for state tort claims.  *Taylor v. Bunge Corp.*, 775 F.2d 617 (5th Cir. 1985).

The statute at issue in this case spells out generally applicable rules. There is no contract at issue, so a one-year prescriptive period applies. Easterling does not state when Tensas supposedly violated the statute at issue. Thus, she has failed to produce evidence that would allow a reasonable finder of fact to conclude these claims are timely; rather, Easterling points only to McCarthy's hiring in 2011, years before Easterling filed this suit. Moreover, Easterling's failure to respond to Tensas' Motion for Summary Judgment on this issue in her memorandum in opposition acts as an abandonment of any argument that the state law claim has not prescribed. *See Knudsen v. Board of Sup'rs of Univ. Of La. Sys.*, 14-382, 2015 WL1757695, at *1 (E.D. La. Apr. 16, 2015) (holding that failure to respond to argument in memorandum in opposition to motion for summary judgment served as a waiver of the argument); *see also McDaniel v. Shell Oil Co.*, 350 Fed. App'x. 924, 927 (5th Cir. 2009); *Blackwell v. Laque*, 275 Fed. App'x 363, 366 n. 3 (5th Cir. 2008); *Ledet v. Fleetwood Enters., Inc.*, 245 F.3d 791, 2000 WL 1910173 at *3 (5th Cir. 2000). Accordingly,

16

Tensas' Motion for Summary Judgment on Easterling's retaliation claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

## III.   CONCLUSION

For the foregoing reasons, Tensas' Motion for Summary Judgment is GRANTED, and Easterling's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 13th day of April, 2016.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

17